IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| WILLIAM A. MALONE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 16−cv–0977−NJR |
| | ) | |
| DUVALL, | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff William A. Malone, an inmate in Pinckneyville Correctional Center, brings this action seeking monetary damages for alleged deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. (Doc. 2-2, p. 15). This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not

plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

## Discussion

Plaintiff's claims were originally filed in Case No. 16-cv-200-SMY. On August 29, 2016, that case underwent threshold review, and the Court determined that many of Plaintiff's claims failed to share a common nucleus of facts or parties. (Doc. 1). The Court thus severed that case into multiple actions, including this one.

As relevant to the claim here, Plaintiff's complaint states that Duvall "denied religious services." (Doc. 2, p. 6). At another part of the complaint, Plaintiff states that Duvall denied him access to religious services on July 30, 2015. (Doc. 2, p. 14). That is the extent of Plaintiff's allegations; Duvall is not mentioned in any of Plaintiff's seventy-five pages of exhibits.

As previously noted in Case No. 16-cv-200-SMY, the claim severed into this action was designated **Count Nine** and was defined as follows:

> **Count Nine: First Amendment claim against Defendant Duvall for denying Plaintiff access to religious services on July 30, 2015.**

The Seventh Circuit recognized years ago that "while freedom to believe is absolute, the exercise of religion is not . . . ." *Childs v. Duckworth*, 705 F.2d 915, 920 (7th Cir. 1983). The Seventh Circuit has also held that "prison officials may legitimately impose certain restrictions on the practice of religion in prison" where there is a compelling interest. *Id*. (citations omitted).

Legitimate penological interests include the preservation of security in prison, as well as economic concerns. *See Ortiz v. Downey*, 561 F.3d 664, 669 (7th Cir. 2009). When these concerns are raised as justifications by prison officials for their actions that restrict the practice of religion, the Court looks at four factors to determine whether the restriction is constitutional:

> (1) whether the restriction "is rationally related to a legitimate and neutral governmental objective"; (2) "whether there are alternative means of exercising the right that remain open to the inmate"; (3) "what impact an accommodation of the asserted right will have on guards and other inmates"; and (4) "whether there are obvious alternatives to the [restriction] that show that it is an exaggerated response to [penological] concerns."

*Id.* (citing *Lindell v. Frank*, 377 F.3d 655, 657 (7th Cir. 2004)).

In his complaint, Plaintiff does not make a general challenge to the prison regulations in effect, and he does not complain that any particular regulation interfered with the free exercise of his beliefs. Thus, whether the prison has valid penological reasons for their regulations is not at issue. Rather, Plaintiff complains that Duvall denied him access to services on one occasion.

The allegations in this case are thin—Plaintiff has provided no details about the incident other than the date and the alleged perpetrator. But it is doubtful that being denied access to religious services on one occasion violates the Constitution. A "plaintiff must show a 'substantial burden' on a 'central religious belief or practice' to prevail under the Free Exercise Clause [.]" *Kaufman v. McCaughtry,* 419 F.3d 678, 683 (7th Cir. 2005) (quoting *Hernandez v. C.I.R.,* 490 U.S. 680, 699 (1989)). And it follows that "*de minimis* burdens on the free exercise of religion are not of constitutional dimension." *Rapier v. Harris,* 172 F.3d 999, 1006 n. 4 (7th Cir. 1999) (a prison's failure to accommodate an inmate's religious diet at three meals out of 810 was a *de minimis* burden on the inmate's Free Exercise rights). "To show a free exercise violation, the religious adherent . . . has the obligation to prove that a governmental regulatory mechanism burdens the adherent's practice of his or her religion by pressuring him or her to commit an act

forbidden by the religion or by preventing him or her from engaging in conduct or having a religious experience which the faith mandates" and "[t]his interference must be more than an inconvenience[.]" *Graham v. C.I.R.,* 822 F.2d 844, 850–51 (9th Cir. 1987). Thus, the "occasional or sporadic" failure to accommodate a prisoner's religious needs does not violate the Constitution. *Hadi v. Horn,* 830 F.2d 779, 788 (7th Cir. 1987) (cancellation of religious services a half-dozen times over a five-year period when a prison's chapel was needed for recreational purposes did not violate prisoners' First Amendment rights).

Here, Plaintiff has alleged that he was denied religious services on one occasion. He has not alleged that the denial took place pursuant to a policy or suggested any reason whatsoever for the denial. In fact, the complaint does not even mention Plaintiff's religion. On these facts, Plaintiff has alleged no more than one failure to accommodate his religious beliefs, which is *de minimis* and does not rise to the level of a Constitutional violation. Plaintiff's claim will therefore be dismissed without prejudice for failure to state a claim on which relief could be granted. The Court will, however, give Plaintiff an opportunity to amend the complaint to state additional facts in support of this claim in the event they exist but were simply omitted from the original filing.

## Disposition

**IT IS HEREBY ORDERED** that **COUNT 9** fails to state a claim upon which relief may be granted, and thus is **DISMISSED** without prejudice. Defendant Duvall is **DISMISSED without prejudice** from this action.

**IT IS FURTHER ORDERED** that, should Plaintiff wish to proceed on his claim in **COUNT NINE**, Plaintiff shall file an amended complaint, providing facts tending to show that

his exercise of religion was substantially burdened, within **28 days** of the entry of this order (on or before **November 21, 2016**).

Plaintiff is **ADVISED** that the amended complaint shall contain ONLY the claims designated in this Order as Count Nine, and shall name ONLY those Defendants directly and personally responsible for the allegedly unconstitutional acts. Should the amended complaint not conform to these requirements, it shall be stricken, and the entire case may be dismissed. Failure to file an amended complaint by the deadline above will result in dismissal of this action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the amended complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the amended complaint.

Service of process shall not commence until after the Court reviews the amended complaint pursuant to 28 U.S.C. § 1915A.

**IT IS SO ORDERED.**

**DATED:  October 24, 2016**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**